Sylvanna Uyen Le, Esq. (SBN 325779)
Law Offices of Robert S. Gitmeid & Associates, PLLC
11 Broadway, Suite 960
New York, NY 10004
Tel (212) 226-5081
Fax (866) 249-1137
Email: sylvanna.l@gitmeidlaw.com

*Attorney for Plaintiff Kimberly Ford*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Kimberly Ford**,**<br><br>            Plaintiff(s),<br><br>     vs.<br>CBC Federal Credit Union, Equifax Information Services, LLC, and Trans Union, LLC<br><br>            Defendant(s). | **Case No.**  2:19-cv-8635<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR CREDIT REPORTING ACT [15 USC § 1682 *et seq*]**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff by and through her attorney of record, and hereby file this complaint and alleges as follows:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Credit Reporting Act, 15. U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.  The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## II. JURISDICTION

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(1) because Plaintiff's primary residence is within the state of California.

## III. PARTIES

4.1 Plaintiff Kimberly Ford (hereinafter "Plaintiff") was, at all times relevant hereto, resident of Oxnard, California. Plaintiff is "consumer[s]" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.2 Defendant CBC Federal Credit Union ("CBC") is a federal credit union organized and existing under the laws of California that furnishes consumer credit information to consumer reporting agencies. CBC is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore a "furnisher," as codified at 15 U.S.C. § 1681s-2.

4.3 Defendant Trans Union, LLC ("Trans Union") is a limited liability company registered to do business in California that engages in the business of maintaining and reporting consumer credit information. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681 a(f).

4.4 Defendant Equifax Information Services, LLC ("Equifax") is a limited liability company registered to do business in California that engages in the business of maintaining and

reporting consumer credit information. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681 a(f).

## IV. FACTS

5.1  Defendant CBC issued an account 6328 to Plaintiff; the account was routinely reported on Plaintiff's consumer credit report.

5.2  The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

5.3  On or about October 3, 2018, Plaintiff and CU Recovery, Inc., on behalf of CBC, entered into a settlement agreement for the above referenced account. A redacted copy of the settlement agreement is attached hereto as **Exhibit A**.

5.4  Pursuant to the terms of the settlement, Plaintiff was required to make monthly payments totaling $1,037.54 to settle and close her CBC account

5.5   Plaintiff, via her debt settlement representative, timely made the requisite settlement payments. Redacted proofs of these payments are attached hereto as **Exhibit B.**

5.6  However, nearly a year later, Plaintiff's CBC account continued to be negatively reported.

5.7  In particular, on a requested credit report dated August 1, 2019, Plaintiff's CBC account was reported with a status of "CHARGE OFF", a balance of $1,729.00, and a past due balance of $277.00. The relevant portion of Plaintiff's credit report is attached hereto as **Exhibit C**.

5.8  This trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as 'settled' with a balance of $0.00.

5.9  On or about August 13, 2019, Plaintiff, via counsel, sent a dispute letter to Defendants requesting the trade line to be corrected. A redacted copy of this dispute letter with certified mail receipts is attached hereto as **Exhibit D.**

5.10 Therefore, Plaintiff has disputed the accuracy of the derogatory information reported by CBC to Trans Union and Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

5.11 In September 2019, Plaintiff requested an updated credit report from Trans Union and Equifax. The trade line for the CBC account in question remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portions of these credit reports are attached herein as **Exhibit E**.

5.12 Trans Union and Equifax did not notify CBC of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify CBC and CBC failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

5.13 If CBC did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's CBC account would be updated to reflect a 'settled' status with a balance of $0.00.

5.14 CBC has promised through its subscriber agreements or contracts to accurately update accounts but CBC has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

5.15 Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating state law and the FCRA. These violations occurred before, during, and after the dispute process began.

5.16 At all times pertinent hereto, Defendants were acting by and through her agents, servants and/or employees, who were acting within the scope and course of her employment, and under the direct supervision and control of the Defendants herein.

5.17 At all times pertinent hereto, the conduct of Defendants, as well as that of her agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## STATEMENT OF CLAIM
(Fair Credit Reporting Act)

6.1 Plaintiff reassert and incorporate herein by reference all facts and allegations set forth above.

6.2 CBC is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

6.3 Plaintiff notified all defendants directly of a dispute on the CBC account's completeness and/or accuracy, as reported.

6.4 CBC failed to update Plaintiff's credit report and/or notify the credit bureaus that the CBC account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

6.5 CBC failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff or the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

6.6  CBC failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

6.7  Trans Union and Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

6.8 Trans Union and Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

6.9 As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

6.10 As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

WHEREFORE, PLAINTIFFS PRAYS that judgment be entered against Defendants as follows:

1) That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2) That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

DATED: October 7, 2019

Law Offices of Robert S. Gitmeid & Associates, PLLC

*/s/ Sylvanna Uyen Le*

Sylvanna Uyen Le, Esq.
*Attorney for Plaintiff Kimberly Ford*